In Williams v. State, 112 Tex.Cr.R. 482, 17 S.W.2d 1057, we reversed the conviction because the trial court did not permit appellant's father and brother to testify that when the appellant left home on the morning of his arrest he said he was going to the Lewis home.

In English v. State, 124 Tex.Cr.R. 459, 63 S.W.2d 547, we reversed the conviction because the court refused to permit the witness Williams to testify that as the appellant left his home he said he was going to San Angelo to get work.

In Liberty Mutual Insurance Co. v. Nelson, 142 Tex. 370, 178 S.W.2d 514, 517, the Supreme Court of this State said:

"It appears that Mr. Nelson's purpose in going to Houston was proved by statements made by him to the witness C. G. Reynolds just before he started on the trip. The Court of Civil Appeals [174 S.W.2d 103] held that such evidence was admissible under the res gestae rule. We think such holding is correct and is supported by the authorities cited in the opinion of the Court of Civil Appeals, to which we here refer."

It will be noted that in each of the cases cited the statement was made immediately prior to the occurrence about which the litigation arose.

Upon another trial we advise the trial court to omit from his charge any recitation about the accused not being the holder of a medicinal or industrial permit. There was no such recitation in the information and no proof thereon, and none was needed. The argument complained of will not occur again, and hence there is no necessity of discussing the same.

The judgment is reversed and the cause remanded.

## MITCHELL v. STATE.

### No. 27072.

Court of Criminal Appeals of Texas.

June 23, 1954.

No attorney on appeal for appellant.

Wesley Dice, State's Atty., Austin, for the State.

DAVIDSON, Commissioner.

Appellant was convicted for the unlawful possession of intoxicating liquor for the purpose of sale in a dry area, and his punishment was assessed at a fine of $350.

The complaint and information, as well as all matters of procedure, appear regular. The record is before us without a statement of facts or bills of exception, in the absence of which nothing is presented for review.

The judgment of the trial court is affirmed.

No motion for rehearing will be entertained and mandate will issue forthwith.

Opinion approved by the Court.